Nicholas L. MATHEWS, in behalf of him-
self and all other persons similar-
ly situated, Plaintiff, .

v.

**BOOK–OF–THE–MONTH CLUB, INC.,**
**Defendant.**

**No. C–73–0895 RHS.**

United States District Court,
N. D. California.

March 18, 1974.

---

LaFayette D. Mathews, Jr., San Ra-
fael, Cal., for plaintiff.

Melvin R. Goldman, Morrison, Foers-
ter, Holloway, Clinton & Clark, San
Francisco, Cal., Paul J. Newlon and Max
Gitter, Paul, Weiss, Rifkind, Wharton &
Garrison, New York City, for defendant.

MEMORANDUM OPINION AND
ORDER

SCHNACKE, District Judge.

Defendant seeks a determination, pur-
suant to Rule 23, that this action is not
properly maintainable as a class action.

The action is brought under the Truth
in Lending Act, 15 U.S.C. § 1601 et
seq. and Regulation Z· thereunder, 12 C.
F.R. § 226.1, et seq., asserting that cer-
tain procedures and arrangements em-
ployed by defendant in obtaining new
members violate the "four installment"
rule established by the regulation.

We need not comment at this time on
the merits of plaintiff's claim. We need
only decide whether, under the circum-
stances, the tests of Rule 23 have been
met. Also, we need not pass on the ade-
quacy or ability of plaintiff and his at-
torney to act for a class estimated at
some 500,000 persons, namely those join-
ing defendant's organization under the
arrangements here attacked during the
past year, 15 U.S.C. § 1640(e). The
minimum statutory penalty if such a
class provided, would, of course, be
$50,000,000, together with attorneys'
fees, 15 U.S.C. § 1640(a).

Ratner v. Chemical Bank New York
Trust Company, 54 F.R.D. 412 (S.D.N.Y.
1972), has come to be the leading case in
class actions in Truth in Lending cases,
particularly, and generally in statutory
actions where Congress has provided for
minimum damages and attorneys' fees.
It has been widely cited and followed.
See La Mar v. H & B Novelty & Loan
Company, 489 F.2d 461 (9th Cir., 1973).
It holds, in effect, that the statutory pen-
alties, including attorneys' fees, are a
substitute, in vindicating the rights of
the small litigant, for the class action de-
vice. It also draws upon the "horren-
dous, possibly annihilating punishment"
(54 F.R.D. at p. 410), unrelated to actual
damages, that could flow from permit-
ting aggregation of claims of large

classes under the Act and Rule 23. This would clearly be true in the instant case.

Our own Court of Appeals has recently expressed

> "the belief that restrictions on the flexible language of Rule 23 are a necessary contribution to the effort to avoid the intractable problems of massive class actions . . . ." La Mar v. H & B Novelty & Loan Company, *supra,* 489 F.2d at p. 468.

If plaintiff's view of the facts and law be correct, Congress has afforded him and others in like position their rights and remedies. Each may pursue his own if he so desires. So be it.

Defendant's motion is granted and the Court hereby determines that this action is not to be maintained as a class action. This order is not conditional and it is not contemplated that it will be altered or amended prior to the decision on the merits.