**Yvonne GUARTE, Individually and on behalf of all others similarly situated,**

v.

**FURNITURE FAIR, INC.**

**Civ. No. HM76–1753.**

United States District Court, D. Maryland.

July 19, 1977.

William Leibovici, Legal Aid Bureau, Baltimore, Md., for plaintiff.

Harry Fox and Jacob Matz, Baltimore, Md., for defendant.

HERBERT F. MURRAY, District Judge.

The plaintiff, Yvonne Guarte, has instituted this suit on behalf of herself and all others similarly situated against the defendant Furniture Fair, Inc., alleging violation of the Truth-in-Lending Act, 15 U.S. C.A. Sections 1601, *et seq.* and Federal Reserve Regulation Z and the Retail Installment Sales Act. Plaintiff has moved that a

portion of the suit be certified as a class action and it is this motion that is presently before the court.

Plaintiff moves this court to certify pursuant to F.R.C.P. 23(a) and (b)(2), the class consisting of

· "(a) those persons who will enter into credit transactions for the purchase of consumer goods from the defendant in the future;  and

(b) those persons who have entered into credit transactions for the purchase of consumer goods from the defendant in the past four years and who were charged an illegal finance charge and who still owe money to the defendant."

Injunctive and declaratory relief only are sought.

Federal Rule of Civil Procedure 23 provides in pertinent part:

(a) Prerequisites to a Class Action.  One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impractical (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable.  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

   *     *     *     *     *     *

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

■ The defendant opposes certification of a portion of this suit[1] on the ground that the alleged class described in (a) is not only insufficiently defined to warrant class certification, but that the defendant corporation "since the inception of these proceedings has gone over to a strict monthly payment period (which is the alleged violation of the state and federal law), beginning on the date of the contract and the disclosures required by the Consumer Credit Protection Act, so that any alleged class of the parameters set forth in plaintiff's class (a) would henceforth be rendered moot."  Since this court is of the opinion that the latter ground prevents certification of the alleged class described in (a), this court need not reach the merits of the defendant's assertion that the class as framed in (a) is not sufficiently defined.

As stated by the defendants, they no longer are engaging in the allegedly illegal practice.  It is the opinion of this court that since the defendant is no longer engaging in this allegedly illegal practice in connection with the extension of credit, the relief sought by the class has already been obtained.  *See Firestone Tire & Rubber Co. v. Quality Discount Tires, Inc.*, HM74–109 (D.Md., July 14, 1976).  Further, there has been no suggestion by the plaintiff that the defendant is likely to reinstate the allegedly illegal policies.  Accordingly, this court finds that the relief requested by the class as defined in paragraph (a) above is moot.  Therefore, the court finds that the request for certification of class (a) is also moot.

■■ The court now turns to the propriety of certifying the class as defined in paragraph (b) above.  Defendant asserts that although he "does not concede that the plaintiff has or will be able to satisfy the requirements of Subdivision (a)(1)–(3) of Rule 23," "there has patently been no showing of compliance with Rule 23(a)(4)"; that is that the named plaintiff will fairly and adequately protect the interests of the class.  Defendant argues that "such potentially important issues as whether to settle

---

1.  The named plaintiff, Yvonne Guarte, is seeking as an individual damages for the alleged violations of the Federal and State laws.  The named plaintiff is alleging additional grounds for finding such violations.

the case and, if so, on what terms; what motions to file; what forms of substantive discovery to employ; what strategy and tactics to pursue; and what kind of relief to seek would, if class (b) were certified, place altogether too much discretion in the hands of the named plaintiff to foreclose rights of unnamed members of the alleged class." If this court were to accept defendant's argument, then there would virtually never be an appropriate case to certify as a class. Such decision making on the part of the named plaintiff is inherent in all class actions.

This court finds that the class as defined in paragraph (b) fulfills the requirements of Rule 23(a). Plaintiff has sufficiently established that this class is too numerous for joinder as there are 1,782 open accounts with the defendant which were allegedly charged the illegal finance charges. Clearly, there are questions of fact and law common to all members of the class, as the named plaintiff has alleged a company-wide policy of extending credit that is allegedly violative of the federal and state Truth-in-Lending laws. Therefore, the same issues of fact and law would apply to all of the members of the class. As plaintiff has alleged that that company-wide, method of extending credit was employed in her case, it is clear that the claim of the named plaintiff is representative of the claims of the entire class. Finally, since the plaintiff is unaffected by any conflicts of interest and her claim is typical of those asserted by the class, it appears to this court that the named plaintiff will fairly and adequately protect the interests of the entire class.

Defendant asserts that the plaintiff has not met the requirements of Rule 23(b)(2), as it does not appear that the defendant "has acted . . . on grounds generally applicable to the class," as the alleged violation, irregular interest payments, was done at the request of each consumer. First, the court notes that the defendant is attempting to prevent class certification by defending the suit on its merits. It is not appropriate for this court to delve into the merits of the alleged violation in determining the propriety of class certification. As alleged by the plaintiff, a company-wide policy established the alleged violation of the state and federal law and thus it appears that the defendant "acted on grounds generally applicable to the class."

Defendant's final ground for this court denying class certification is that this case, based on violations of the Truth-in-Lending Act, is inappropriate for class certification. Defendant argues that this court should adopt a restrictive view of class actions in that class actions should be used only in extraordinary situations. In that connection, the defendant urges that this court must determine, before allowing this action to proceed as a class action, that a class action is the most appropriate device taking into account the devastating effect of a class action in the truth in lending area on the individual defendant.

Prior to the 1974 amendments to the Truth-in-Lending law, courts had denied class certification, holding that the statutory penalties, including attorneys' fees, are substituted for class actions in vindicating the rights of small litigants and that class certification should be denied due to the enormous statutorily imposed damages which would follow by aggregating claims into large classes under Rule 23. *Mathews v. Book of the Month Club, Inc.*, 62 F.R.D. 479 (D.C.Cal.1974). But in 1974, Congress amended the Truth-in-Lending statute limiting the total amount of damages that could be recovered in a class action. Congress thereby indicated its intent that the class action vehicle be available in this area, and also eliminated the potentially devastating effects of the class action by limiting the amount of potential damages. Accordingly, this court finds that the holding referred to in *Mathews* is suspect in light of the recent amendments. Furthermore, this court also finds that the *Mathews* case, even if the Truth-in-Lending statute had not been amended to eliminate the potentially enormous damage recovery, is not applicable to the instant case. Nor is any discussion of devastating effects on the defendant in the instant case applicable to the

facts as alleged in the complaint. The plaintiff is seeking class certification under F.R.C.P. 23(b)(2) and thus is seeking declaratory and injunctive relief only. The plaintiff is not seeking damages for the class. Thus, any *Mathews*-type devastating effect on the defendant is completely nonexistent. Similarly, defendant's related argument that this court should take into account that the alleged violation was the result of an oversight in application of the Truth-in-Lending law and thus not deliberate, is of no avail. Not only is such a line of argument not a defense to a suit for violation of the act, but the class is seeking only the right to not pay the allegedly illegal finance charge. So any discussion that, as the defendant contends, justice militates against class certification, would instead appear to favor the plaintiff's claim for class certification according to the facts as alleged by both plaintiff and defendant.

It is this court's determination that a class action is the most appropriate device to assure compliance with the Truth-in-Lending law. Although Congress has provided the small litigant a forum by granting attorney's fees to the prevailing plaintiff, Congress has also in the 1974 amendments to the statute recognized that the class action is also an appropriate method of protecting the parties' rights.

While the majority of the courts confronted with class certification in the truth-in-lending area have dealt with certification under Federal Rule of Civil Procedure 23(b)(3), and have come out in favor of class certification, this court finds that this case requesting only injunctive and declaratory relief under Federal Rule of Civil Procedure 23(b)(2) is an even more appropriate suit for class certification. *See Goldman v. First Nat. Bank of Chicago*, 532 F.2d 10 (7th Cir. 1976); *Katz v. Carte Blanche Corporation*, 496 F.2d 747 (3rd Cir. 1974); *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975). *But see Ives v. W.T. Grant Co.*, 522 F.2d 749 (2nd Cir. 1975), which certified a Rule 23(b)(2) class seeking injunctive relief preventing the defendant from collecting an illegally imposed finance charge.

It seems to this court that requiring each plaintiff to file a separate suit on an approximate $3.00 illegal finance charge alleging identical facts would be more of a burden on the defendant than proceeding in one suit. Additionally, court time would also be saved. Finally, requiring each individual plaintiff to file suit on a $3.00 claim would likely result in the individual foregoing his legal rights. The court finds that allowing this case to proceed as a class action works no hardship on the defendant. At present, the court foresees no difficulties in handling this suit as a class action.

Accordingly, the second and fourth causes of actions as set out in the plaintiff's complaint are certified as a class action consisting of those persons who have entered into credit transactions for the purchase of consumer goods from the defendant in the past four years and who were charged an illegal finance charge and who still owe money to the defendant.