**Mr. and Mrs. Fred Ray BOGGS, and on behalf of all other persons similarly situated, Plaintiffs-Appellants,**

v.

**ALTO TRAILER SALES, INC., Defendant-Appellee.**

No. 74–1605.

United States Court of Appeals, Fifth Circuit.

April 14, 1975.

Patrick D. Breeden, New Orleans, La., Joseph E. Defley, Jr., Port Sulphur, La., Joseph E. Defley, Sr., New Orleans, La., for plaintiffs-appellants.

Kenneth L. Sanders, Metairie, La., for defendant-appellee.

Before BELL, AINSWORTH and RONEY, Circuit Judges.

BELL, Circuit Judge:

The sole issue on this appeal is whether the district court abused its discretion in denying appellants the right to maintain a class action for damages. A class action was allowed for injunctive relief. We vacate and remand with direction to reconsider appellants' motion.

Appellants brought a class action against Alto Trailer Sales, Inc., alleging violation of the provisions of the Truth in Lending Act [Title I of the Consumer Credit Protection Act] and the Truth in Lending Regulations promulgated pursuant thereto, which require disclosure of specified financing information prior to the consummation of certain credit transactions.[1] They alleged that they had purchased a mobile home from Alto without receiving a disclosure statement. They sought to represent all purchasers from Alto who may have been similarly denied. They prayed for damages, attorneys' fees, and court costs for themselves and for the other class members in accordance with 15 U.S.C.A. § 1640(a).[2] In

---

1. Section 128 of the Truth in Lending Act, 15 U.S.C.A. § 1638, requires a creditor to disclose to a purchaser, as applicable here, the total of the finance charge and the finance charge expressed as an annual percentage rate, prior to the extension of credit. Section 226.8 of the Truth in Lending Regulations [commonly known as Regulation Z] implements this statutory provision in pertinent part:

(a) General rule. Any creditor when extending credit other than open end credit shall, in accordance with § 226.6 and to the extent applicable, make the disclosures required by this section with respect to any transaction consummated on or after July 1, 1969. Except as provided in paragraphs (g) and (h) of this section, such disclosures shall be made before the transaction is consummat-

ed. At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified. All of the disclosures shall be made together on either

(1) The note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the customer's signature; or

(2) One side of a separate statement which identifies the transaction.

\* \* \* \* \* \*

2. Until a few weeks prior to oral argument in this appeal, 15 U.S.C.A. § 1640 provided as follows:

(a) Except as otherwise provided in this section, any creditor who fails in connection

addition, appropriate injunctive relief was sought against Alto's continuing violation of the Act and regulations.

Appellants moved for class action determination under Rule 23(c)(1), F.R. Civ.P. They contended that Alto's failure to disclose was widespread, flowing from the *modus operandi* of a sales organization having one headquarters and seven scattered sales lots. It developed that appellants purchased their trailer from a salesman at the Harvey lot. After agreeing on the purchase price and the down payment, appellant Fred Boggs executed an installment contract in blank. This was then sent to the main office where it was completed, including the necessary data on the rear thereof as to the finance charge and rate.

The court denied class action status, holding that the class action remedy was not available in this Truth in Lending Act cause of action. Prior to trial on the merits of appellants' individual claim, appellants moved to have the court reconsider its denial of their motion in light of information brought out during pretrial discovery as to Alto's nondisclosure to other trailer purchasers and its continuing failure to provide disclosure statements. The motion to reconsider was carried with the case.

In the opinion accompanying its final judgment, the district court ruled in appellants' favor on the substantive merits of their claim. Damages in the amount of $848, being double the finance charge of $424, attorneys' fees of $4,000, and court costs, were awarded. The court also modified its denial of class action status to the extent of granting appellants' request for injunctive relief against Alto on behalf of all future purchasers of mobile homes from Alto.

with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

> (1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

> (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

> \* \* \* \* \* \*

(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

Congress amended subsection (a), however, in Pub.L. 93–495, § 408(a) (Oct. 28, 1974), so that the statute now provides:

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this chapter or chapter 4 of this title with respect to any person is liable to such person in an amount equal to the sum of—

> (1) any actual damage sustained by such person as a result of the failure;

> (2)(A) in the case of an individual action twice the amount of any finance charge in connection with the transaction, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

> (B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery in such action shall not be more than the lesser of $100,000 or 1 per centum of the net worth of the creditor; and

> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

In determining the amount of award in any class action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. Pub.L. 93–495, § 408(e) (Oct. 28, 1974) makes § 1640(a) as amended partially retroactive:

> (e) The amendments made by sections 406, 407, and 408 shall apply in determining the liability of any person under chapter 2 or 4 of the Truth in Lending Act, unless prior to the date of enactment of the Act such liability has been determined by final judgment of a court of competent jurisdiction and no further review of such judgment may be had by appeal or otherwise.

Thus, we will apply § 1640(a) as amended to the facts presented in this appeal.

Alto having taken no appeal, and appellants having recovered everything allowed by the statute in force at the time of trial,[3] we turn to the narrow issue whether the trial court erred in denying a class action for the purpose of damages.

The discretion of the district court in determining whether a class action may be maintained is to be exercised within the parameters of the criteria of Rule 23 as applied to the appertaining facts once the facts are adduced to the point that the determination may be made. See Huff v. N. D. Cass Company of Alabama, 5 Cir., (en banc), 1973, 485 F.2d 710, 712–713, on the procedure to be followed in developing the facts necessary for application of the pertinent criteria. Assuming discretion exercised within these parameters, the determination of the trial court should stand absent an abuse of discretion. See Hill v. American Airlines, Inc., 5 Cir., 1973, 479 F.2d 1057, 1059; Gold Strike Stamp Co. v. Christensen, 10 Cir., 1970, 436 F.2d 791, 792–793; Johnson v. Georgia Highway Express, Inc., 5 Cir., 1969, 417 F.2d 1122, 1123; 7A C. Wright & A. Miller, Federal Practice and Procedure, § 1785, at 134–135 (1972).

Generally in accordance with the abuse of discretion standard as outlined above, three circuits have determined that a district court may grant or deny a Truth in Lending plaintiff's class action motion. See Haynes v. Logan Furniture Mart, Inc., 7 Cir., 1974, 503 F.2d 1161; Katz v. Carte Blanche Corp., 3 Cir., (en banc), 1974, 496 F.2d 747; Wilcox v. Commerce Bank, 10 Cir., 1973, 474 F.2d 336. The respective courts in these decisions stated that the class action device could be applied to Truth in Lending cases, although the legislative history of the Truth in Lending Act was silent on

the subject. Under the 1974 amendment, see note 2 supra, the class action, within stated limitations, is expressly contemplated. Thus, we perceive the rule to be that courts are to apply Rule 23 to Truth in Lending cases just as it is applied generally.

The parameters for the development of facts and the exercise of discretion by the district court are the multiple, interrelated criteria set out in Rule 23. Briefly, Rule 23(a) contains four prerequisites to the maintenance of a class action: (1) the class must be so numerous as to make joinder impractical; (2) there must exist questions of law or fact common to class members; (3) the class representative's claims or defenses must be typical of those of the class; and (4) the class representative must be able fairly and adequately to protect class interests.

Once the 23(a) prerequisites are established, a suit may proceed as a class action only within the ambit of a subsection of 23(b). Usually, subsection (b)(3) is the avenue taken by plaintiffs seeking to maintain a class action within the Truth in Lending Act. See, e. g., Haynes v. Logan Furniture Mart, Inc., supra; Katz v. Carte Blanche Corp., supra; Wilcox v. Commerce Bank, supra. A 23(b)(3) class action is grounded upon two requirements: (1) the common question of law or fact found to exist pursuant to the requirement of 23(a)(2) must predominate over the questions affecting only individual class members; and (2) the class action must be superior to other available methods for the efficient adjudication of the controversy.[4]

In the instant case, the district court based its denial of appellants' class action motion upon the lack of superiority of the class action as a method of proceeding under the facts. To support its

---

3. Appellants do not contend on appeal that they could prove actual damages, which are now recoverable under § 1640(a) as amended post-trial—October 28, 1974. See note 2, supra.

4. The matters pertinent to the (b)(3) findings include the interest of class members in individually controlling the litigation, the extent and nature of litigation already commenced, the desirability of concentrating the litigation, and the potential difficulties with managing the class action. These four factors were intended to be "non-exhaustive." See Proposed Rules of Civil Procedure, Advisory Committee's Notes, 39 F.R.D. 69, 104 (1966).

ruling, the court turned to two oft-used bases for showing non-superiority: (1) no lack of incentive if class action procedure were not employed since each claimant is provided with reasonable attorney's fees and costs under the Act; and (2) the possible horrendous consequences to Alto caused by a damage award of at least $100 to each class member under old § 1640(a). *See, e. g.,* Mathews v. Book-of-the-Month Club, Inc., N.D.Cal., 1974, 62 F.R.D. 479; Rogers v. Coburn Finance Corp., N.D.Ga., 1972, 54 F.R.D. 417; Ratner v. Chemical Bank New York Trust Co., S.D.N.Y., 1972, 54 F.R.D. 412.

■ The horrendous result aspect has been removed, however, by the amendment of § 1640(a). Section 1640(a)(2)(B) limits total recovery in a class action to the lesser of $100,000 or one percent of the net worth of the creditor. It follows that class actions in most cases will no longer pose dire consequences to creditors who may have engaged in technical violations of the Truth in Lending Act.[5] *See Ratner, supra* at 416.

In making its ruling, furthermore, the court below did not develop facts as to the 23(a) class action prerequisites nor as to the predominance of common questions required by subsection (b)(3). It is apparent from the facts as presented in the record that there may be an absence of commonality, which is required by 23(a), or, alternatively, that the existent common questions do not predominate over the noncommon ones. Assuming a trailer purchasing group too large for each member to be joined, it might still be necessary to hold separate hearings as to disclosure *vel non* to each member of the class, and as to the actual damages sustained by each member, which are now recoverable under § 1640(a)(1). *See* Stevens v. Rock Springs Nat'l Bank, 10 Cir., 1974, 497 F.2d 307, 311.

Another important criteria, now to be considered in view of the amendment to § 1640(a), is the 23(a) requirement that the class representative be able fairly and adequately to protect class interests. Under § 1640(a) as amended, the recovery by a class member may be in a lesser amount than would be the case in an individual action. By way of a hypothetical, let us assume that Alto, a trailer sales company, has a net worth of $500,000. (This fact is not developed in the record.) Appellants contend that at least 121 trailer purchasers did not receive pre-transaction disclosure statements from Alto. In a successful class action without proof of actual damages, each class member would receive less than $42, dividing one percent of the assumed net worth among class members. Suing individually, on the other hand, each class member could recover double the amount of the finance charge up to $1,000, and, in any event, a minimum of $100.

■ Because the supervening amendment to the statute has removed the "horrendous result" basis of the district court's ruling under the class action superiority criteria, we must vacate the court's ruling which denied appellants' motion to proceed as a class in their suit for damages. We remand with direction that the court consider the motion in light of facts developed, or to be developed, relating to (1) the commonality of law or fact questions present; (2) assuming commonality, the predominance of those common questions; (3) the fairness and adequacy of appellants' protection of the interest of potential class members, especially with reference to § 1640(a) as amended; and (4) the superiority of the class action procedure absent the specter of a horrendous result being inflicted upon Alto, and in light of the reduction

---

**5.** The House and Senate Conference Committee Report (No. 93–1429) accompanying the amendment to § 1640(a) states:

The limitation on class action suits was further limited to the lesser of $100,000 or

1 percent of the net worth of the creditor to protect small business firms from catastrophic judgments.
1974 U.S.Code Cong. & Admin.News, p. 6153.

in damages, if any, to the individual members of the class. We, of course, intimate no view as to what the district court's decision should be on the merits of this class action motion.

Vacated and remanded with direction.