Chester C. KAMINSKI

v.

SHAWMUT CREDIT UNION et al.

Civ. A. No. 73–1873–C.

United States District Court,
D. Massachusetts.

July 19, 1976.

Frederic N. Halstrom, William L. Eaton, William A. Cotter, Jr., Parker, Coulter, Daley & White, Boston, Mass., for Chester C. Kaminski.

Marnold Tagrin, Boston, Mass., for Shawmut Credit Union.

Donald J. Wood, Haussermann, Davison & Shattuck, Boston, Mass., for Share Ins. Corp. and Consumers Credit Union.

Arthur Nicholson, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on the plaintiff's motion under Rule 23, F.R.Civ.P., for entry of an order certifying this case as a class action.

The subject matter of the claim by plaintiff is that the defendant Shawmut Credit Union (Shawmut) allegedly violated disclosure provisions of the Massachusetts and the Federal Truth in Lending Acts, (hereinafter TILA), M.G.L.A., c. 140C § 1 *et seq.*, and 15 U.S.C.A. § 1601 *et seq.*, as well as Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 *et seq.* In addition, the plaintiff invokes this Court's pendent jurisdiction in asserting a claim under the Massachusetts Consumer Protection Act, M.G.L.A., c. 93A.

The plaintiff, a citizen of Massachusetts, purports to represent a class made up of

"All customers of the Shawmut Credit Union who received loans from the Shawmut Credit Union or renegotiated loans from the Shawmut Credit Union from June 14, 1972 to date."

At the time of the violations of the TILA alleged in the Substitute Bill of Complaint the defendant Shawmut was a corporation organized under the laws of Massachusetts regularly engaged in the business of making small loans. The defendants Massachusetts Credit Union Share Insurance Corporation (Share Insurance Corp.) and Consumers Credit Union (Consumers) are corporations organized under the laws of Massachusetts.

Subsequent to the filing of this action on June 14, 1973, the Share Insurance Corp., pursuant to the authority vested in it by M.G.L.A. c. 171 App. § 1–6, took over the assets and liabilities of Shawmut. The Share Insurance Corp. then sold those assets and liabilities to Consumers pursuant to the same statute. Share Insurance Corp. and Consumers were added as party defendants in the instant action on December 10, 1975.

In prior proceedings in this case the Court has ruled that it has subject matter jurisdiction over the instant claims and has denied Shawmut's motion for summary judgment. Unpublished Memorandum and Order, September 16, 1975.

The plaintiff alleges that he is a debtor of Shawmut according to the terms of the "Promissory Note and Disclosure Statement" (so-called "Form 61") that he signed as maker, and upon which Shawmut appears as the payee. Form 61 was allegedly executed on or about July 29, 1972. It is further alleged that the plaintiff received $2072.00 from Shawmut for which he was required to repay Shawmut $2800.00.

The Substitute Complaint focuses upon four elements of Form 61 which the plaintiff claims contained untrue statements of material facts and failed to state required facts and facts necessary to make it unambiguous, all in violation of the aforementioned statutes and Regulation Z. The plaintiff further alleges that he and an as yet undetermined number of proposed class members suffered actual damages resulting from defendant's alleged TILA violations in that all customers of Shawmut were required to pay 10% of their loan into a

passbook account which amount was not returned to them.

In particular, the plaintiff alleges that Form 61: (1) falsely stated that there were "other charges" when in fact there were none; (2) failed to disclose the items and amounts, if any, constituting "other charges"; (3) falsely stated the amount of the "Finance Charge" as $252.00 when it should have also included all the amounts included in "other charges" and (4) understated the true annual percentage rate on the loan. The plaintiff further alleges that such statements and omissions were knowingly and wilfully made.

In support of his motion for class certification of the instant action the plaintiff alleges that: (1) the class would number between 700 and 800 members; (2) the claims of the named plaintiff are "typical" of those of the class because all questions of law and fact are identical for all members of the class since they all received or renegotiated loans on Form 61; (3) because the proposed class is made up of those who became debtors of Shawmut *after* June 14, 1972, all claims fall within the applicable period of limitations; (4) the named plaintiff will adequately protect the interests of the class; and (5) the class action is "superior" to other available methods for the fair and efficient adjudication of the controversy.

The defendant Shawmut has objected to certification under Rule 23, F.R.Civ.P. on the grounds that: (1) there is no "federal question", and alternatively, even if the Federal TILA applied, the plaintiff would be barred from recovery; (2) the applicable state law is a "penal statute"; (3) Shawmut no longer exists, having been taken over by the Share Insurance Corp. which sold its assets and liabilities to Consumers; and (4) the factual basis for the plaintiff's motion for certification is disputed.

The plaintiff seeks certification pursuant to Rule 23(b)(3), F.R.Civ.P. Certification requires, initially, that the four prerequisites of Rule 23(a) be met. Rule 23(a) provides in relevant part that

"One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims . . . of the representative parties are typical of the claims . . . of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Once the prerequisites of Rule 23(a) are met, an action may be maintained as a class action if, in addition,

"[t]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." F.R.Civ.P., 23(b)(3).

Rule 23(b)(3) then lists four matters "pertinent" to the Court's findings. They are

"(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

For the reasons hereinafter articulated, I find that the requirements of Rule 23, F.R.Civ.P., have been met by the plaintiff herein and that the instant action is properly maintainable as a class action.

The question of applicability of class actions to suits under the Federal TILA has been the subject of extensive and conflicting federal court decisions in the six years the TILA has been in force. This is due primarily to the fact that there is no mention of class recovery in any of the legislative proceedings leading up to the enactment of the TILA. See *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 343, n. 21 (10 Cir. 1973); *see also* Note, Class Actions Under the Truth in Lending Act, 47 Notre Dame Law, 1305, 1307 (1972). Further, the Federal TILA provides for both administrative and private enforcement but does not indicate when one or the

other is the preferred enforcement mechanism.

Several courts of appeals have held, however, that the TILA as originally enacted did not absolutely preclude class action enforcement. See, *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1164–65 (7 Cir. 1974); *Lamar v. H. & B. Novelty and Loan Co.,* 489 F.2d 461 (9 Cir. 1973); *Wilcox v. Commerce Bank of Kansas City, supra,* 474 F.2d at 343.

In 1974, the Federal TILA was amended[1] in such a way as to eliminate the chief stumbling block to class certification as identified by most courts that declined to certify, see e. g., *Ratner v. Chemical Bank New York Trust Co.,* 54 F.R.D. 412 (S.D.N.Y.1972). The effect of the amendment is to leave Rule 23 to be applied to Federal TILA cases precisely as it applies to other cases. *Boggs v. Alto Trailer Sales, Inc.,* 511 F.2d 114 (5 Cir. 1975); see also, 3B, MOORE's FEDERAL PRACTICE, ¶ 23.02, p. 10 (Supp.1975).

Although the amendment clarified Congress' position in actions brought under the Federal TILA, questions remain as to the "superiority" of the class action where the case is brought in a state such as Massachusetts which has been "exempted" from the Federal TILA,[2] but which has not amended its statute in conformity with the federal amendment. By federal regulation, however, the exemption is treated as partial, preserving the district court's jurisdiction to entertain civil liability claims under 15 U.S.C.A. § 1640 and rendering the state-imposed standards of disclosure the federal disclosure requirements at issue in such litigation. Cf. 12 C.F.R. § 226.12 (1975). The regulation specifically provides that

"In order to assure that the concurrent jurisdiction of Federal and State courts created in section 130(e) of the Act [15 U.S.C.A. § 1640(e)] shall continue to have substantive provisions to which such jurisdiction shall apply, and generally to aid in implementing the Act . . .

(1) *No such exemption shall be deemed to extend to the civil liability provisions of sections 130 [15 U.S.C.A. § 1640] and 131 . . ." 12 C.F.R. § 226.12(c)(1)(1975). [emphasis supplied]

■ Thus, TILA cases brought in Massachusetts are not "exempted" from the provision of the Federal TILA which limits the damages recoverable in a class action suit. The limitation of the Federal TILA thus applies in the instant case.

In view of the identical policies of the Federal and Massachusetts TILA's, the clear policy expressed in the 1974 amendment to the Federal TILA, and the numerous federal cases post-dating the 1974 amendment to the Federal Act in which certification has been allowed, I rule that the instant case is one appropriate for prosecution as a class action because by applying the Rule 23(a) threshold criteria to the case at bar, I find and rule that:

1. The class is so numerous that joinder of all members is impractical. Shawmut's answers to interrogatories indicate that there are approximately 712 members of the proposed class. The inconvenience that would be occasioned by joining all the members as plaintiffs is obvious.

2. There are questions of law or fact common to the class. The Common questions concern the so-called Form 61 used by all members of the proposed class in executing or renegotiating loans during the period from June 14, 1972 through August 5, 1974, the date upon which Shawmut ceased

---

1. The 1974 amendment to the Federal Act (Act of October 28, 1974, Pub.L. 93–495) limits damages in class actions to $100,000 or one per cent of net worth, whichever is smaller. The $100 minimum damage provision that governed actions prior to the amendment was left applicable to individual actions. 15 U.S.C.A. § 1640(a).

2. The Massachusetts TILA, M.G.L.A. c. 140C, § 9 as amended by St.1972, is nearly identical

to the Federal Act. See *Shepard v. Finance Associates of Auburn, Inc.,* Mass., 316 N.E.2d 597, 1974 Mass.Adv.Sh. 1371, 1381.

This fact qualified Massachusetts for the grant in 1970 of an "exemption" from application of federal requirements to state regulated transactions pursuant to 15 U.S.C.A. § 1633. See Amendment to Supplement III of Regulation Z, 35 F.R. 10,538, June 25, 1970.

doing business. Furthermore, Shawmut admitted in its Answers to Requests for Admission that all members of the proposed class were required to pay a $1.00 entrance fee, were required to take out credit life insurance, and were required to put 10 per cent of the face amount of their loan into a passbook account.

3. The claims of the representative party are typical of the claims of the class. The effect of this clause is to guarantee that the "representative's interest should be 'coextensive' with those of the potential class members." *Koehler v. Ogilvie,* 53 F.R.D. 98, 100 (N.D.Ill.1971), aff'd 405 U.S. 906, 92 S.Ct. 938, 30 L.Ed.2d 777 (1972).

■ 4. The representative party will fairly and adequately protect the interests of the class. This prerequisite is met where (a) the representative shares, without conflict, the interests of the unnamed members of the class, and (b) the court is assured that the representative will vigorously prosecute the rights of the class through qualified counsel. See *Katz v. Carte Blanche Corp.,* 52 F.R.D. 510, 515 (W.D.Pa.1971), aff'd 17 F.R.Serv.2d (3 Cir. 1973), rev'd on other grounds 496 F.2d 747 (3 Cir. 1974).

Moving to the requirements for certification found in Rule 23(b)(3), I find that the questions of law or fact common to the members of the class predominate over any such questions affecting only individual members. In this regard I find that the proposed class is "seeking to remedy a common legal grievance," 3B MOORE'S FEDERAL PRACTICE, ¶ 23.45(2), and that although the question of actual damages may differ among individual members of the class, this fact alone is insufficient to defeat certification of an otherwise appropriate class. See *City of New York v. General Motors Corp.,* 60 F.R.D. 393, 395 (S.C.N.Y. 1973), appeal dismissed 501 F.2d 639 (2 Cir. 1974).

Finally, I find that in the instant case the class action is superior to other available methods for the fair and efficient adjudication of the controversy involving the now defunct Shawmut Credit Union.

The class will be defined as follows:

"All customers of the Shawmut Credit Union who received or renegotiated loans from the Shawmut Credit Union using the so-called 'Form 61' from June 14, 1972 to date."

Damages, if any, will of course be limited by the provisions of 15 U.S.C.A. § 1640(a).

I further find none of the overriding reasons for refusing to certify the instant action are present in this case which were found by the court in *Ratner v. Chemical Bank New York Trust Co., supra.* In particular, there was no allegation of actual damages in *Ratner* as there are in the case at bar, and the defendant in *Ratner* was a mere "technical" violator of the TILA whereas far more substantial and even wilful violations of the TILA's disclosure requirements are alleged in the case at bar. Further, the proposed class in *Ratner* was composed of 130,000 members while in the case at bar the proposed class numbers approximately 712.

■ Finally, I rule that this court has pendent jurisdiction of the plaintiff's state claims under the Consumer Protection Act, M.G.L.A. c. 93A. That act clearly authorizes class actions, M.G.L.A. c. 93A § 9(2), and the class, therefore, may properly be certified as to the plaintiff's cause of action thereunder.

Order accordingly.