Philicie Noel NELSON, and Edwina Butler, on behalf of themselves and all other persons similarly situated,

v.

UNITED CREDIT PLAN, INC., a Louisiana Corporation, and Mark Sackett.

Civ. A. No. 75–3677.

United States District Court,
E. D. Louisiana.

Jan. 5, 1978.

Donald Juneau, Patrick D. Breeden, Russell & DeRussy, New Orleans, La., for plaintiffs.

Ralph D. Dwyer, Jr., Many, LoCoco & Dwyer, New Orleans, La., for defendant United Credit Plan.

Samuel S. Dalton, New Orleans, La., for defendant Mark Sackett.

HEEBE, Chief Judge:

This Truth-in-Lending suit presents, *inter alia*, the novel question of whether the rescission remedy under 15 U.S.C. § 1635 may be pursued via a class action brought on behalf of all borrowers from a given lender

who received the same disclosure statement from that lender.

## History of This Case

This suit was brought on December 1, 1975, by named plaintiffs, Philicie Noel Nelson and Edwina Butler, individually and as representatives of the class of persons similarly situated, against United Credit Plan of Chalmette, Inc., seeking rescission of a loan transaction entered into on April 23, 1973, on grounds that the disclosure statement provided to the plaintiffs by the defendant was defective under the credit transaction provisions of the Truth-in-Lending Act (15 U.S.C. § 1631, et seq.), and Regulation Z (12 C.F.R. § 226.6 and § 226.8). The loan transaction was made pursuant to a home improvement contract between plaintiffs and defendant Mark Sackett entered on April 23, 1973, at which time defendant United agreed to pay defendant Sackett for his labor and extend credit to the named plaintiffs secured by a mortgage on plaintiffs' home. Defendant Sackett never completed the work on plaintiffs' residence.

On January 16, 1976, plaintiffs moved for partial summary judgment and for class certification. The motions were presented on the Court's motion docket of February 11, 1976. The Court continued plaintiffs' motion for class certification pending completion of discovery pertinent to the amenability of this action to class certification. The Court heard argument on the partial summary judgment motion and rendered a decision granting plaintiffs' motion on February 24, 1976, holding that the loan disclosure statement violated the Truth-in-Lending Act and Regulation Z and that plaintiffs were entitled to rescission under 15 U.S.C. § 1635. This Court also denied plaintiffs' action for damages on the grounds that the action had prescribed under the one-year statute of limitations created in 15 U.S.C. § 1640(e). The Court further held that the plaintiffs were obligated to repay to defendant United the principal which they received out of the total loan proceeds, and that upon receipt of the principal, defendant United would be required to cancel the mortgage and loan transaction.

On November 1, 1976, this Court denied defendant United's motion for dismissal of plaintiffs' claim of breach of contract, holding that although there was no longer any federal cause of action by the named plaintiffs against defendant United, this Court would entertain plaintiffs' breach of contract claim against defendant United as a pendant state claim.

Plaintiffs filed a motion to re-urge class certification on June 21, 1977. The arguments were heard on September 7, 1977.

## Timeliness of Motion

■ There is no merit to defendants' contention that plaintiffs' re-urging of class certification is raised too late in the proceedings. Where determination of the class action issue is delayed, a suit brought under Rule 23 should be treated as a class action until it is expressly denied. *City of Inglewood v. City of Los Angeles*, 451 F.2d 948 (9th Cir. 1971). Precedential support is both numerous and weighty for the proposition that the fact that the named plaintiff has been afforded relief neither moots the claims of the class nor disqualifies the named plaintiff as class representative. *See, e. g., Stokes v. Bonin*, 366 F.Supp. 485, 488 (E.D.La.1973), and cases cited therein at n. 5.

## Class Action Prerequisites

Since we conclude that the instant motion is properly before the Court, we must now consider whether class certification should be granted. That is, we must now determine whether the requirements of F.R. Civ.P. Rule 23 have been met.

■ At the outset, we note that for any case to properly proceed as a class action, it must satisfy all of the requirements of Rule 23(a) plus the requirements of at least one subdivision of Rule 23(b). *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114, 117 (5th Cir. 1975); *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119, 1121 (D.Mass. 1976). Plaintiffs seek to certify this action

as a class action under subdivisions (b)(1), (b)(2) or (b)(3) of Rule 23. We begin with consideration of the requirements of Rule 23(a).

■ As to the requirement of Rule 23(a)(1) that "the class is so numerous that joinder of all members is impracticable," we note that there remain 37 current mortgages held by defendant United to secure loans made pursuant to home improvement contracts involving defendant Sackett. Of these, four, including the present case, are at issue in individual suits. Thus, there are 33 potential class members who have not filed suit who would be affected by plaintiff's successful pursuit of the rescission remedy. We deduce that the numerosity requirement of Rule 23(a)(1) is satisfied in light of the obvious inconvenience of joining all members of the proposed class. Wright, Charles Alan, *Class Actions*, 47 F.R.D. 169, 172 (1969).

As to the requirement of Rule 23(a)(2) that "there are questions of law or fact common to the class," we observe that defendant United provided each class member with the same form of disclosure statement as the named plaintiffs. In the Minute Entry of February 24, 1976, this Court concluded that the disclosure provided to the named plaintiffs was defective in violation of the Truth-in-Lending Act. Each class member may wish to test the legal adequacy of disclosure provided him under the standards of the Truth-in-Lending Act. We find that the commonality requirement set forth in Rule 23(a)(2) is met. *Rollins v. Sears, Roebuck & Co.*, 71 F.R.D. 540, 545 (E.D.La.1976); *Agostine v. Sidcon Corporation*, 69 F.R.D. 437, 445 (E.D.Pa.1975).

As to the requirement of Rule 23(a)(3) that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," we remark that the claim of the named plaintiffs that the disclosure statement provided by defendant United was defective and should be rescinded is the same claim asserted on behalf of the other members of the proposed class of consumer (i. e., nonbusiness) borrowers. Therefore, we conclude that the typicality requirement propounded in Rule 23(a)(3) is met. *Id.*

■ As to the requirement of Rule 23(a)(4) that "the representative parties will fairly and adequately protect the interests of the class," we note that this prerequisite is met where (a) the representative shares, without conflict, the interests of the unnamed members of the class, and (b) the Court is assured that the representative will vigorously prosecute the rights of the class through qualified counsel. *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119, 1123 (D.Mass.1976); 3B Moore's Federal Practice ¶ 23.07[1] at pp. 23–352 and 23–353 (1975). Here there is no dispute as to the qualifications of plaintiffs' counsel.

■ However, we fail to see any shared interest between named plaintiffs and the members of the class they seek to represent. Plaintiffs have received their rescission remedy. They do not stand to benefit at all through successful prosecution of rescission suits on behalf of the proposed class members. Indeed, to the extent that defendant United has limited funds with which to pay back loan amounts, there is a conflict among the prospective class members, each of whom would presumably prefer to recover the entire amount of his own loan even if that necessitates only partial recovery or no recovery at all by other class members. Furthermore, to the extent that plaintiffs seek to certify this action as a class action under F.R.Civ.P. Rule 23(b)(3), plaintiffs incur the cost of notice to all of the class members so that they may opt out of the class; plaintiffs will have no reimbursement of this expense out of a future damage award since the only relief sought is rescission on behalf of the remaining class members; it is perplexing why plaintiffs should wish to incur this expense, and it seems contrary to their interest to do so, especially in light of their statement in their complaint that they are persons of "low income." Antagonism of financial interests between a prospective representative and his constituents is a factor that militates against a finding of adequacy. *McCoy v. Salem Mtg. Co.*, 74 F.R.D. 8 (E.D.

Mich.1976); *Rollins v. Sears, Roebuck & Co.*, 71 F.R.D. 540, 545 (E.D.La.1976).

■ Moreover, there is no indication that 33 of the remaining prospective class members have any interest in seeking rescission of their loan transactions. Given the amount of time that has passed since the transactions were entered, (*viz.*, some four or five years), those 33 prospective class members may well have already finished paying off their loans and may be perfectly satisfied with the work done on their homes and the loan transactions in their entirety. Rather than burying the individual interests of prospective plaintiffs in the catchall of a class action, it may be better to allow each member to sue individually if he wishes. *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 666 (N.D.Cal.1976). The three-year statute of limitations on rescission suits would not present a problem to those class members interested in filing individual rescission suits whose limitation period had not expired as of the filing date of the instant suit (*viz.*, December 1, 1975), for "commencement of a class action tolls the applicable statute of limitations as to all members of the class." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n. 13, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *Bantolina v. Aloha Motors, Inc.*, 419 F.Supp. 1116, 1121 n. 19 (D.Hawaii 1976).

■ Finally, we note that there is not a single precedent in which class certification was broached, must less granted or denied, in a case where rescission pursuant to 15 U.S.C. § 1635 was the relief prayed for. While class actions are not discouraged under the Truth-in-Lending Act any more than in other contexts [1] and it appears that Congress intended that some Truth-in-Lending violations would proceed as class actions,[2] we have found no evidence of congressional intent that class treatment is appropriate in actions seeking rescission in the Truth-in-Lending context. This is not surprising in light of the obvious conflict among the interests of parties seeking rescission relief from a credit institution of limited solvency. *See, Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114, 118 (5th Cir. 1975). And the availability of an award of attorneys' fees to a successful plaintiff who seeks his rescission on an individual rather than a class basis undermines the contention that class treatment furthers the class members' interest in minimizing the burdens imposed on their individual rescission recoveries by allowing them to share the cost of a single attorney rather than each hiring one individually. Thus, while passing only on the case before us, we note that the propriety of ever pursuing rescission under the Truth-in-Lending Act through a class action is open to serious doubt.

Our conclusion that plaintiffs have failed to meet the prerequisite to class certification set forth in F.R.Civ.P. Rule 23(a)(4) obviates any consideration of whether plaintiffs could meet the further requirements of one or more of the subdivisions of Rule 23(b). Accordingly, since we abjure the gratuitous generation of obiter dicta, our opinion stops here.

1. *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119, 1122 (D.Mass.1976); *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975).

2. Section 1640(a)(2)(B) of 15 U.S.C., added by the Act of October 28, 1974, Pub.L. 93–495, 88 Stat. 1500. Numerous courts have acknowledged that Truth-in-Lending suits may proceed as class actions under appropriate circumstances. *Stevens v. Rock Springs National Bank*, 497 F.2d 307, 311 (10th Cir. 1974). *Also, see, e. g., McDermott v. Hollander*, 4 C.C.H. Consumer Credit Guide ¶ 98,830 (E.D.La.1973); *Postow v. Oriental Building Association*, 4 C.C.H. Consumer Guide ¶ 98,628 (D.D.C.1975); *Craig v. Credit Brueau*, 4 C.C.H. Consumer Credit Guide ¶ 98,659 (D.N.M.1974); and *Bantolina v. Aloha Motors, Inc.*, 419 F.Supp. 1116 (D.Hawaii 1976) (a competent review of class action determinations in Truth-in-Lending cases).