Pete SANCHEZ and Cecilia Sanchez, on behalf of themselves and all others similarly situated

v.

LOWELL LEBERMANN, INC.

Civ. A. No. A–77–CA–198.

United States District Court, W. D. Texas, Austin Division.

March 13, 1978.

---

Charles O. Grigson, James G. Boyle and Thomas E. Tiemann, Austin, Tex., for plaintiff.

Robert R. Bradshaw of Coffee, Goldston & Bradshaw, Austin, Tex., for defendant.

## ORDER

ROBERTS, District Judge.

Came on this day for consideration by the Court Plaintiffs' motion to certify this case as a class action. After careful consideration of the pleadings, Plaintiffs' motion, the evidence adduced at the hearing on Plaintiffs' motion on February 22, 1978, and the briefs submitted by the parties, the Court is of the opinion that this case should be certified as a class action pursuant to Rule 23, F.R.C.P. The class certification herein shall be conditional, and shall be subject to alteration or amendment by further order of the Court if the developments make such alteration necessary prior to hearing of the case on the merits.

This is a Truth-In-Lending Act case under 15 U.S.C. § 1640(e), with a pendent state law claim under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code § 17.41 et seq. Plaintiffs allege that in connection with the purchase of motor vehicles from Defendant they were charged a so-called "documentary fee" in the amount of $15.00, but that such fee was not itemized or disclosed anywhere on the retail installment contract, it being rather subsumed or hidden in the cash price as shown on the contract.

▮ In its answer to the complaint, Defendant denies that the Court has jurisdiction over the pendent state law claim, because of an asserted lack of a "common nucleus of operative fact" with regard to the federal and state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court believes, however, that such common nucleus exists in this case, inasmuch as both the federal and state claims are based on the alleged inadequacy of disclosure of the same terms in the same contracts. *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 960 (N.D.Ill.1972); *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119, 1123 (D.Mass.1976). Thus, it is clear that the Court has the *power* to consider the state law claims presented by Plaintiffs; the Court does not now reach the question whether it should, in its discretion, dismiss the pendent claims, because Defendant has not filed a motion to dismiss. The Court would not be inclined to do so, however, unless and until it becomes apparent that jury confusion or unfairness to the parties would result from the maintenance of the pendent claims. *Garza v. Chicago Health Clubs, Inc., supra*, at 961.

▮ Plaintiffs have defined the class sought to be certified as those persons who:

(1) entered into a retail installment contract with Defendant for the purchase of a motor vehicle primarily for personal, family or household use on or after October 26, 1976 [one year prior to the filing of this lawsuit, which is the limitations period set forth in 15 U.S.C. § 1640(e)];

(2) were charged a "documentary fee" in connection with the purchase of the motor vehicle; and

(3) signed a retail installment contract which failed to itemize the cost of the "documentary fee."

The Court finds that the above is a properly-defined class, and in connection with the class certification, the Court makes the following findings with respect to the requirements of Rule 23, F.R.C.P.:

*Rule 23(a):*

(1) The class is so numerous that joinder of all members is impractical. Defendant's business manager has admitted that there

may have been as many as 560 retail installment contract sales of motor vehicles since October 26, 1976, though it has not been determined yet how many of those involved the charging of a "documentary fee."

■ (2) There are questions of law or fact common to the class, since the class is limited to those persons who were charged a documentary fee without the fee being set forth in the retail installment contracts.

(3) The claims of the representative parties, Mr. and Mrs. Sanchez, are typical of the claims of the class. This also is apparent by the very definition of the class.

(4) The representative parties will fairly and adequately represent the interests of the class. The Court is satisfied that this requirement is met because the Plaintiffs are represented by competent, qualified counsel, and because the Sanchezes testified that they are willing to bear the expense, even as much as several hundred dollars if necessary, to notify the other members of the class as defined above.

*Rule 23(b)(3):*

■ (1) Questions of law and fact common to the members of the class predominate over questions affecting only individual members. While the precise actual damages may vary from one class member to another under 15 U.S.C. § 1640(a)(1), and there will be some variance in the facts because of the requirement that the vehicle be purchased primarily for personal, family or household use, the Court believes that the predominant issues in this case will be whether there was a nondisclosed "documentary fee" in Defendant's retail installment contracts, and if so, whether it was illegal—questions common to the class.

■ (2) The class action is superior to other methods for the fair and efficient adjudication of this controversy. Because of the 1974 and 1976 amendments to § 1640, the Defendant's total liability in this class action is limited to the lesser of 1% its net worth or $500,000, or such lesser "amount as the court may allow". These amendments greatly reduce the likelihood of ei-

ther a catastrophic judgment against Defendant based on the former minimum of $100 damages per Plaintiff, or the prospect of reduced damages to the Plaintiff under the interim (1974) limitation of total class damages to $100,000. *Cf. Boggs v. Alto Trailer Sales, Inc.,* 511 F.2d 114 (5th Cir. 1975). In addition, Plaintiffs testified that they are willing to recover less than the full amount they might recover individually if that is necessary to halt what they perceive as a deceptive practice on Defendant's part. Whether a reduced recovery is a real prospect, of course, will depend on proof of Defendant's net worth. Because the possibility may exist, however, it will be necessary to notify all class members of the basis of computing damages, so that they may withdraw from the class if they so choose. Rule 23(c)(2)(A). Again, the Court emphasizes that the class determination and certification is subject to revision if such becomes necessary because of difficulty in measuring damages, or for any other reason.

Because of the apparently large size of the class and the relatively small amount of the "documentary fee" charged to each class member, the Court is of the opinion that a class action is the superior method of adjudication in this case.

Based on the above findings, it is accordingly

ORDERED, ADJUDGED, and DECREED that this action be, and hereby is, CERTIFIED as a class action; that the named Plaintiffs are hereby designated as representatives of the class consisting of persons who:

(1) entered into a retail installment contract with Defendant for the purchase of a motor vehicle primarily for personal, family or household use on or after October 26, 1976;

(2) were charged a "documentary fee" in connection with the purchase of the motor vehicle; and

(3) signed a retail installment contract which failed to itemize the cost of the "documentary fee";

and that Plaintiffs submit a method and form of notifying the class members of the pendency of the class action within ten days of this order. As provided by Rule 23(c), the Court will carefully manage this action throughout in case amendment or modification of the class becomes necessary.