N.R. SMITH, Circuit Judge,
dissenting in section IV of the majority opinion.
I must dissent from the majority opinion, because plaintiffs cannot obtain a double statutory damages recovery under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The plaintiffs in this case cannot receive duplicative statutory damages awards under California law, because the California legislature adopted identical provisions of the FDCPA when it amended California’s Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ.Code § 1788 et seq. Additionally, construing adopted FDCPA remedy provisions to provide duplicative awards must invite preemption, because such awards will undermine the statute’s protective cap on statutory damages.
The California legislature replaced substantial portions of the Rosenthal Act with the FDCPA to harmonize California and federal debt collection practices law. See California Bill Analysis, Senate Judiciary Committee, A.B. 969, 1999-2000 Regular Session, July 15, 1999, p. 5, available at ftp://leginfo.public.ca.gov/pub/99-00/bill/ asm/ab_0951-1000/ab_969_cfa_l 9990708_133036_sen_comm.html (last visited Aug. 5, 2011). California Civil Code § 1788.17, which amended the Rosenthal Act, provides:
Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person’s principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.
Cal. Civ.Code § 1788.17.
The prefatory language “[njotwithstanding any other provision of this title” indicates the California legislature intended to replace any provision of the Rosenthal Act that touched upon subject matter adopted from the FDCPA — including, in particular, the remedy provisions in § 1692k. See People v. Palacios, 41 Cal.4th 720, 62 Cal.Rptr.3d 145, 161 P.3d 519, 524 (2007) (“[T]he broad and unambiguous scope of ‘[notwithstanding any other provision of lav/ overrides the application, if any, of [contradictory law].”); cf. United States v. Novak, 476 F.3d 1041, 1052 (9th Cir.2007) (en banc) (“We have recognized that including a ‘notwithstanding any other law provision is a method — akin to an express reference to the superseded statute — by which Congress can demonstrate that it intended to partially repeal an Act.”) (internal quotation marks, alterations, and citation omitted). Section 1788.17 does not *1070 merely “supercede[ ] any provision ... inconsistent with the referenced provisions of the FDCPA.” Maj. Op. at 1065. Rather, § 1788.17 speaks in broad and unqualified terms. It contains “no specific language or exceptions to suggest the plain meaning of the phrase ‘notwithstanding any other provision of [this title]’ may be ignored. The clause means what it says.” Watkins v. Cnt. of Alameda, 177 Cal.App.4th 320, 98 Cal.Rptr.3d 847, 866 (2009).
To be sure, although § 1788.17 explains at length which sections of the FDCPA will become operative under California law, it identifies no section of the Rosenthal Act that will remain in effect. If the California legislature intended anything other than a wholesale replacement of the operative statutory text, it could have said so. Instead, it prefaced the amendment to the Rosenthal Act with the precedent-charged language “[n]otwithstanding any other provision of this title.” Therefore, giving effect to § 1788.17’s “plain” and “unqualified” meaning, the adopted remedy provisions of the FDCPA must operate independent of any formerly operative remedy provisions in the Rosenthal Act.
Given this interpretive backdrop, these plaintiffs cannot obtain a double statutory damages award under mirror provisions of the FDCPA. Certainly nothing in the text of the statute authorizes such a recovery. See Mejia v. Marauder Corp., 2007 WL 806486, at *11-12 (N.D.Cal. Mar. 15, 2007) (declining to award duplicative statutory damages under the FDCPA and Rosenthal Act). The amended Rosenthal Act provides that debt collectors “shall be subject to the remedies in Section 1692k [of the FDCPA].” Cal. Civ.Code § 1788.17. Section 1692k, in turn, provides that individual plaintiffs may recover statutory damages up to $1,000 and class plaintiffs may recover statutory damages up to 1 per centum of a defendant’s net worth. 15 U.S.C. § 1692k(a)(2). The Fifth and Seventh Circuits recognize that caps on statutory damages — like that in § 1692k of the FDCPA — are protective measures designed to strike a reasonable balance between punishing the deceptive debt collector and preventing catastrophic damage awards. As the Seventh Circuit observed:
The key aspect of this net worth provision is not its punitive nature, ... but a recognition that an award of statutory punitive damages may exceed a company’s ability to pay and thereby force it into bankruptcy.... Thus, we agree with the Fifth Circuit that the primary purpose of the net worth provision is a protective one. It ensures that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages.
Sanders v. Jackson, 209 F.3d 998, 1002 (7th Cir.2000) (emphasis added) (citing Boggs v. Alto Trailer Sales, Inc., 511 F.2d 114, 118 (5th Cir.1975) (holding that an identical provision in Truth In Lending Act was designed to protect businesses from catastrophic damage awards)).
The majority’s notion that the FDCPA can be read to allow duplicative statutory damages awards simply cannot be reconciled with the statute’s carefully designed protective cap on non-compensatory damages. The Rosenthal Act’s original directive that “remedies provided herein are intended to be cumulative and in addition to any other procedures, rights, or remedies” does not change this result. The California legislature replaced the Rosenthal Act’s remedy provisions with those of a statute that cannot reasonably be read to provide for duplicative statutory (as distinct from compensatory) damages. The majority concedes that the FDCPA bars recovery of damages under multiple statutes above the monetary limit. Maj. Op. at 1068 n. 15. Thus, the Rosenthal Act’s cumulative remedies provision is contrary to and inconsistent with the FDCPA limit *1071 on statutory damages because double statutory damages may exceed the FDCPA limit. Contra Maj. Op. at 1067 n. 13. Otherwise, we have to rewrite the Rosenthal Act’s cumulative provision to make it conditional. See Cal. Civ.Code § 1788.32.
The FDCPA’s implied limit on duplicative statutory damage awards must operate with equal force under California law as an incorporated provision of the Rosenthal Act, because when language is “obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it.” Lambert v. Blodgett, 393 F.3d 943, 966-67 (9th Cir.2004) (quoting Felix Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L.Rev. 527, 537 (1947)) (internal quotation marks omitted). This is precisely why the majority opinion concludes that plaintiffs may proceed as a class under the adopted provisions of the FDCPA, notwithstanding the Rosenthal Act’s former prohibition on class recovery. See Maj. Op. section IV.A. It would be inconsistent to hold that adopted provisions of the FDCPA control in one instance and not in another. If the class action provisions of the FDCPA trump the old Rosenthal Act, so too must the FDCPA’s implied prohibition on duplicative statutory damages awards.
Further, such an award, if possible, must be preempted, because allowing double statutory damage awards under mirror provisions of the FDCPA will undermine Congress’s careful design to shield errant debt collectors from crushing statutory damages awards.[1] As the majority indicates, “Congress can define explicitly the extent to which its enactments preempt state law. Preemption fundamentally is a question of congressional intent, and when Congress has made its intent known through explicit statutory language, the courts’ task is an easy one.” English v. Gen. Elec. Co., 496 U.S. 72, 78-79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990) (internal citations omitted). Congress explained that the FDCPA “does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.” 15 U.S.C. § 1692n (emphasis added). Therefore, even if the amended Rosenthal Act could be read to permit duplicative statutory damages awards under identical provisions of the FDCPA, the very real prospect of undermining Congress’s cap on statutory damages creates an “inconsistenc[y] with [a] provision of’ the FDCPA meriting preemption. Id. Because I see no way to square the district court’s duplicative damage awards with the FDCPA, I must respectfully dissent.

. Although the damages award in this case would not exceed the FDCPA cap, one can easily imagine another plaintiff class exceeding the cap where the numerosity of the class or severity of the claims exceed those in the present case.