Melvin STEVENS et al., Appellants,

v.

ROCK SPRINGS NATIONAL BANK, a Bank Corporation chartered under the United States banking statutes, et al., Appellees.

No. 73-1728.

United States Court of Appeals, Tenth Circuit.

May 22, 1974.

Philip P. Whynott, Cheyenne, Wyo., for appellants.

Gary M. Greenhalgh, Rock Springs, Wyo., for appellee, Rock Springs National Bank.

Ted O. Simola, Cheyenne, Wyo., for appellee, Adams Sales, Inc.

Frederick G. Loomis, of Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., for appellee, Redman Industries, Inc.

Before CLARK, Associate Justice Retired,* and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellants, Mr. and Mrs. Melvin Stevens and Mr. and Mrs. Samuel Hinkle, filed this action on behalf of themselves and others similarly situated, alleging as their principal claim that the appellees, Adams Sales, Incorporated, and Rock Springs National Bank, failed to make various disclosures required by the Truth in Lending Act (15 U.S.C. § 1601 et seq.) in connection with the financing of mobile homes purchased by the appellants.

A pendent state claim was also asserted under Wyo.Stat. § 40–2–403 which provides generally that a seller in a consumer credit transaction may not accept a negotiable instrument other than a check as evidence of the buyer's obligation. An additional pendent claim was asserted by the Stevens' against Adams Sales and Redman Industries, Incorporated, based on allegedly fraudulent representations as to the condition of the trailer which they purchased.

On motion by the defendants and after receiving affidavits submitted by the parties, the district court dismissed the Truth in Lending Act claim for the reason that the one-year limitations period prescribed in 15 U.S.C. § 1640(e) had run as to the named plaintiffs. The pendent state claims were thereupon dismissed for lack of subject matter jurisdiction. A finding was also made that the prerequisites for a class action had not been shown.

* Of the Supreme Court of the United States, Sitting by Designation.

The principal issue on this appeal is the construction of 15 U.S.C. § 1640(e), which provides:

"Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation.*" (Emphasis added.).

The other subsections of section 1640 establish the civil liability of creditors and, in certain instances, their assignees when disclosures required by the Truth in Lending Act have not been made. It is readily apparent that subsection (e) is both a grant of subject matter jurisdiction and a statement of limitations. It is the latter aspect which we must consider here, particularly the reference point which is somewhat ambiguously described as the "date of the occurrence of the violation."

A chronology of events is helpful in presenting the issues. The record shows that Mr. and Mrs. Stevens arranged for the purchase of their mobile home on July 19, 1971, at which time they executed a purchase agreement, a promissory note, and a security agreement, each on a form provided by the seller, Adams Sales. The purchase agreement form which they signed contained spaces in which terms pertaining to the financing of the purchase could be written. For the most part, these spaces were completed on the Stevens agreement, and in addition Rock Springs National Bank was identified as the creditor.

Mr. and Mrs. Hinkle's purchase followed a different pattern. On April 4, 1972, they signed a purchase agreement form similar to the one signed by the Stevens. On this form, however, the spaces provided for the credit information were left blank and no identification of the creditor was made. The agreement simply indicated a lump sum which the Hinkles intended to finance. Furthermore, it was not until about two weeks later that the Hinkles signed a promissory note and security agreement in favor of Rock Springs National Bank.

This action commenced with the filing of the complaint on April 13, 1973.

Having been enacted in 1968, the Truth in Lending Act and particularly its limitations provisions have been the subject of relatively little litigation. To our knowledge only one other Circuit has considered the meaning of section 1640(e) as applied to circumstances similar to these. This was Wachtel v. West, 476 F.2d 1062 (6th Cir.), which involved the alleged failure to make Truth in Lending Act disclosures in connection with a loan secured by a second mortgage on the plaintiffs' home. The transaction there occurred on October 28, 1970, and the complaint was filed on April 25, 1972. The plaintiffs argued that the duty to make the disclosures was continuing and that the one-year period had therefore not run. This contention was rejected by the Sixth Circuit with the following analysis:

"It thus appears that a credit transaction which requires disclosures under the Act is completed when the lender and borrower contract for the extension of credit. The disclosures must be made sometime before this event occurs. If the disclosures are not made, this violation of the Act occurs, at the latest, when the parties perform their contract . . . In the present case performance of the contract and violation of the disclosure requirement took place on October 28, 1970, and the one-year statute of limitations began to run on that date."

While in this opinion we do not necessarily adopt the Sixth Circuit's reference to the date of "performance" as the date on which the violation occurs, we nevertheless agree generally with the proposition that violation of the disclosure requirements, with the possible exception of those respecting the limited right of rescission under 15 U.S.C. § 1635, occurs at a specific time from which the statute will then run. Thus it does not necessarily become a continuing failure or breach.

Additional support for this proposition is provided by other provisions of the Act, and by Regulation Z (12 C.F.R. § 226), the administrative interpretation of the Act by the Board of Governors of the Federal Reserve System. 15 U.S.C. § 1639 identifies the disclosures which must be made with respect to particular types of consumer loans. Subsection (b) of that section requires that, with certain exceptions, those disclosures "shall be made before the credit is extended." Such timing seems consistent with and essential to the principal objective of the Act which, as stated in 15 U. S.C. § 1601, is to enable the consumer "to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Regulation Z more definitely prescribes the timing requirement by requiring. that the disclosure be made "before the transaction is consummated." 12 C.F.R. § 226.8(a). Consumption is defined in another subsection which provides:

"The transaction shall be considered consummated at the time a contractual relationship is created between a *creditor* and a customer irrespective of the time of performance of either party." (12 C.F.R. § 226.2(cc); emphasis added).

In the case of Bissette v. Colonial Mortgage Corp. of D.C., 155 U.S.App.D. C. 360, 477 F.2d 1245, the District of Columbia Circuit considered these same provisions in holding that where no contractual relationship had arisen between the mortgagor and mortgagee prior to the time of closing, and where the required disclosures had been made at that time, no violation of the Act occurred. We might also note that in that case the mortgagor had also executed a purchase agreement several months prior to the closing.

■ Thus, we must hold that under the Act and current regulation, the disclosure requirements may be satisfied without penalty at any time prior to the contracting to extend credit, and no violation can occur until such a credit contract is executed.

■ Accordingly, we agree with the district court that the one-year limitations period had run as to the Stevens, and they are barred from maintaining their claim under the Act. Since the pendent claim asserted in the third count is theirs alone, dismissal of it was also proper.

■ A different situation exists with the Hinkle's claim. The April 4th purchase agreement, aside from indicating an amount to be financed, contained no terms relating to the extension of credit and did not identify the prospective creditor. Thus it does not appear that the Hinkles became bound on the credit aspects of their purchase until April 17, 1972, when they signed the note and security agreement. In view of our discussion, and the cited authorities, we fail to see how the asserted violations could have occurred prior to that time. When the Hinkles filed their complaint on April 13, 1973, they were therefore within the one-year period, and dismissal of the action as to them was improper.

■ Rock Springs National Bank urges us to affirm dismissal as to it in any event for the reason that it was never responsible for making the disclosures to the Hinkles. This is a matter, however, for the consideration of the trial court.

■ The second count of the complaint, stating a pendent state claim under a Wyoming statute by the Hinkles, was dismissed because the supporting federal claim had been dismissed. The dismissal is set aside, but in so doing we express no view as to whether it should be entertained as a pendent claim. Such a decision is within the sound discretion of the trial court.

The relationship between the limited right of rescission under 15 U.S.C. § 1635, which must also be disclosed in appropriate transactions, and the one-year limitations period prescribed in section 1640(e) presents special problems outside the scope of this decision.

Finally, we note that the district court found that the prerequisites for a class action had not been shown. While in Wilcox v. Commerce Bank of Kansas City, 474 F.2d 336 (10th Cir.), we acknowledged that a class action might be brought under the Truth in Lending Act, we do not believe the trial court abused its discretion in not allowing this action to be so maintained. The record demonstrates that the facts varied considerably between the Stevens and Hinkle transactions. Such variations would likely affect the rights and liabilities of the parties and would presumably occur in Adams Sales' other transactions as well. This alone would be sufficient reason to deny the class action.

The judgment of the district court is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent herewith.