**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEFFREY HEIL; PAULA HEIL,

Plaintiffs-Appellants,

v.

WELLS FARGO BANK, N.A.,

Defendant-Appellee.

No. 07-4224
(D.C. No. 2:06-CV-785-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Jeffrey and Paula Heil appeal the district court's grant of summary

judgment to Wells Fargo Bank, N.A., on their claim under the Truth in Lending

Act (TILA), 15 U.S.C. § 1601 et seq., and dismissal without prejudice of their

supplemental state-law claims. The Heils argue that the district court (1) erred in

holding that their TILA claim was barred by the statute of limitations and was not

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

equitably tolled and (2) abused the court's discretion in not exercising supplemental jurisdiction over their state-law claims. We affirm.

I.

On January 13, 1995, the Heils refinanced a loan with Crossland Mortgage, Inc. A deed of trust on a Utah parcel of land owned by the Heils secured the loan. Crossland merged with Wells Fargo, and the Heils began making their payments to Wells Fargo on December 1, 2000.

In their complaint and in affidavits, the Heils contended that in 2001, Wells Fargo paid property taxes that were not owed, that were in excess of its secured interest, and that were for property not secured by the deed of trust. Also, they asserted that Wells Fargo did not apply a loan payment they made on January 17, 2001, until July 3, 2003, and began foreclosure proceedings on their land and charged them foreclosure, late, and attorney's fees, all due to failure to apply the payment. The Heils further asserted that Wells Fargo has never credited any of the fees imposed, because every reinstatement quotation included these fees. In addition, the Heils maintained that Wells Fargo has never credited the improperly paid property taxes. They contend that although they notified Wells Fargo about its errors, it refused to cooperate. As a result of these actions by Wells Fargo, the Heils alleged that they were forced to file for bankruptcy on October 30, 2003.[1]

_____

[1] On January 23, 2006, the bankruptcy court issued a plan of reorganization,
(continued...)

On March 16, 2006, the Heils filed suit in federal district court in California alleging violations of the TILA and state-law claims of breach of contract, fraud, negligence, and breach of the implied covenant of good faith and fair dealing. After the case was transferred to federal district court in Utah, Wells Fargo moved to dismiss the TILA claim under Fed. R. Civ. P. 12(b)(6), alleging that it was barred by the TILA's one-year statute of limitations, 15 U.S.C. § 1640(e). Wells Fargo moved to dismiss the state claims, alleging that the district court should not exercise supplemental jurisdiction over them.

Because the parties relied on matters outside the pleadings, the court treated the motion to dismiss as a motion for summary judgment. The court found that the TILA claim was barred by the statute of limitations and that the Heils failed to show any material issues of fact tending to show the statute of limitations should be equitably tolled. Accordingly, the court concluded that Wells Fargo was entitled to judgment as a matter of law on the TILA claim and dismissed that claim with prejudice. After concluding that the Heils failed to show that the state claims arose under federal law, the court declined to exercise supplemental jurisdiction and dismissed them without prejudice.

---

[1](...continued)
providing, in part, that the parties would resolve matters concerning Wells Fargo outside of the bankruptcy proceedings.

II.

Before proceeding to the merits, we note that the parties failed to provide us with the record required by Tenth Circuit Rules. Under Rule 10.3(D)(2),

> [w]hen the appeal is from an order disposing of a motion or other pleading, the motion, relevant portions of affidavits, depositions and other supporting documents (including any supporting briefs, memoranda, and points of authority), filed in connection with that motion or pleading, and any responses and replies filed in connection with that motion or pleading must be included in the record.

Neither parties' appendix contains the motion to dismiss or the memorandum supporting it, the reply, or the supplemental filings.[2] Wells Fargo provides the response, and both parties provide some exhibits.

"Th[is] court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it." *Id.* at 10.3(B); *see also United States S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1175 n.1 (10th Cir. 2006) (deciding that appellants who fail to provide record sufficient for appellate review risk summary dismissal of their claims), *cert. denied*, 127 S. Ct. 2116 (2007); *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1121 (10th Cir. 2003) ("[Our] rules are not empty gestures. We have repeatedly

---

[2] Although the omitted documents are available electronically, such availability does not negate the Heils' responsibility to provide an adequate record. *See* 10th Cir. R. 10.3(A). Nor does it require this court to actually view those documents and, in effect, supplement the record. *See id.* at 10.3(B), 30.1(A)(3).

-4-

enforced them."). Thus, we could summarily affirm the district court. But because the parties do not dispute what arguments were before the district court and we do not need the omitted documents to decide the appeal, we proceed to the merits, relying only on the limited record provided. We remind the parties of their duties to follow the Tenth Circuit Rules.

## III.

## A.

The Heils first contend that the district court construed their claims too narrowly. They point out that they alleged that improper fees were included in every reinstatement quotation they received from Wells Fargo along with its demand for improperly paid property taxes, whereas the district court decided that "the violation here is not the failure to credit what are asserted to be improperly charged fees. Rather, the violation is the asserted improper payment of property taxes, failure to apply a payment and charging related foreclosure and other fees, which happened before 2004." Aplt. App. at 45. Contrary to the Heils' belief, the district court did not narrowly construe their claims. Fully aware that the Heils asserted that every reinstatement quotation included the improper fees, the court decided that repeating an error was not a continuing TILA violation. *Id.* at 45-46.[3] Instead, the court held that the statute of limitations started running "well

---

[3] The Heils argue in their reply brief that the Utah district court should have
(continued...)

over a year before the date on which this action was filed." *Id.* at 45. As we discuss below, we agree.

B.

Next, the Heils contend that the district court failed to apply the TILA in the broad manner intended by Congress. *See Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) (recognizing that TILA is remedial and must be construed liberally). They maintain the TILA's statute of limitations should have been equitably tolled, because Wells Fargo refused to correct errors brought to its attention and those errors continued through the date of the filing of the complaint. Therefore, they contend that Wells Fargo's continued demand for improper fees violated the TILA and the district court erred in granting summary judgment on this claim.

> We review a district court's decision to grant summary judgment de novo, viewing all facts in the light most favorable to the party opposing summary judgment. We will affirm a grant of summary judgment if there is no genuine issue of material fact and the prevailing party is entitled to judgment under the law.

*Grynberg v. Total, S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) (citation omitted).

---

[3](...continued)
considered the fact that the California district court, in granting a preliminary injunction, ruled in favor of them on the TILA claim. In their response to Wells Fargo's motion to dismiss, however, the Heils conceded that the preliminary injunction order was not binding. Aplee. Supp. App. at 13.

An action under the TILA "may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Violation of the TILA "occurs at a specific time from which the statute will then run." *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir. 1974). Wells Fargo's alleged actions began in 2001, yet the Heils did not file suit until 2006. Thus, their suit is barred by the one-year limitations period of § 1640(e), unless the statute of limitations has been equitably tolled. *See Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706-08 (11th Cir. 1998) (citing cases and recognizing all courts to directly consider issue have decided TILA is subject to equitable tolling).

"'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Id.* at 706; *see Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (requiring plaintiff asserting equitable tolling to "show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct"); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable tolling . . . is only available when [litigants] diligently pursue[ their] claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond [their] control.") (habeas corpus action). The Heils bear the burden of proving

that the limitations period should be equitably tolled. *See Olson v. Fed. Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004).

They, however, have failed to meet this burden. There is no dispute that the Heils were aware of Wells Fargo's failure to credit the payment, charging of various fees, and improper payment of taxes in 2001. *See Van Pier v. Long Island Sav. Bank*, 20 F. Supp. 2d 535, 536 (S.D.N.Y. 1998) (deciding equitable tolling is not available where plaintiff knew of alleged TILA violations more than year before filing complaint). And we have declined to recognize a continuing violation for purposes of the statute of limitations under similar circumstances. *See Stevens*, 497 F.2d at 309; *cf. Katz v. Bank of Cal.*, 640 F.2d 1024, 1025 (9th Cir. 1981) ("Even if a continuing violation theory is viable, the Bank's actual disclosure of the previously undisclosed term commenced the running of the period of limitations").

The Heils' TILA claim was not equitably tolled and thus was barred by the statute of limitations. The district court therefore correctly decided that Wells Fargo was entitled to judgment as a matter of law on the TILA claim.

## C.

Lastly, the Heils contend that the district court erred in declining to exercise supplemental jurisdiction over their state-law claims. They believe that resolution of these claims depends on resolution of a federal-law question concerning the TILA. The district court, however, found that the Heils failed to

-8-

explain how their state claims required interpretation of the TILA and that the state claims present legal issues best handled in state court.

"We review the district court's decision to decline supplemental jurisdiction for abuse of discretion." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1139 (10th Cir. 2004). Under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental jurisdiction over [state-law] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *See also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Because the district court dismissed the TILA claim over which it had original jurisdiction, § 1367 permitted the court to also dismiss the supplemental state-law claims.

None of the factors which might indicate an abuse of discretion, such as "judicial economy, convenience, and fairness" favor a decision to retain jurisdiction. *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (internal quotation marks omitted). The Heils failed to discuss why their state claims are related to the TILA claim. And the parties did not expend much time and energy on the state claims before the district court dismissed the TILA claim. *See id.* Accordingly, we conclude the district court did not abuse its discretion in declining to exercise supplemental jurisdiction.

IV.

The judgment of the district court is AFFIRMED.[4]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[4] Wells Fargo requests fees and costs. This request is premature, as Wells Fargo must comply with Fed. R. App. P. 39(d).