**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ENTERPRISE MANAGEMENT
LIMITED, INC.; MARY LIPPITT,

       Plaintiffs – Appellants,

v.

DONALD W. WARRICK,

       Defendant-Appellee.

No. 12-1135

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:10-CV-00660-JLK-KMT)**

---

Kirstin Marie Jahn of Jahn & Associates, LLC, Boulder, Colorado, for Plaintiffs-
Appellants.

John Roger Mann of Kennedy Childs & Fogg, P.C., Denver, Colorado, for Defendant-
Appellee.

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

---

In this copyright infringement case, Enterprise Management Limited, Inc.,[1] and Mary Lippitt (collectively Lippitt) appeal from a summary judgment in favor of Donald Warrick. Lippitt contends, contrary to the district court's holding, she demonstrated a prima facie case of copyright infringement. We agree.

## FACTUAL BACKGROUND

This case involves a diagram Lippitt created in the course of her work in the field of organizational management. It aims to encapsulate and communicate the results of her research on the failures of complex organizational change initiatives. Dissatisfied with other visual aids depicting the reasons for such failures, she created and registered the first version of the diagram in 1987:

---

[1] According to the complaint, Lippitt holds the copyrights on the diagram at issue, but has exclusively licensed Enterprise Management, Inc. to use it. Lippitt is the founder and President of Enterprise Management, Inc.



**Diagram 1A: Lippitt's "Managing Complex Change"**

(Appellants' App'x 213.) As she explains, the diagram "eliminate[ed] the detailed narrative approach and par[ed] it down to a visual format listing what she considered to be the most basic variables and likely outcomes." (Appellants' Op'g Br. 6.) She claims to have registered a work containing this diagram in 1987, although she concedes she no longer has the work as actually submitted for registration.

Sometime around 1996, Lippitt revised the diagram. She updated it slightly, as shown below. The revision reflected several minor changes: (1) she used ovals instead of rectangles; (2) she changed the arrows between elements to plus signs and equal signs; and (3) she replaced the word "skills" with the word "capabilities" to accommodate

changing parlance in her field; (4) she changed the title of the diagram; and (5) added a decorative diagonal line.



**Diagram 1B: Lippitt's "Aligning for Success"**

(Appellants' App'x 176, 214.)

Lippitt registered Diagram 1B as part of a larger work in 2000. It was also included in materials she registered in 2003. Warrick acknowledges a version of this diagram was included in materials Lippitt registered in 2000 and 2003.

Warrick, who teaches in the organizational development field, admitted receiving Lippitt's diagram from a student. He incorporated and used a similar diagram in his

course materials and in his consulting business. Although Warrick did not initially know Lippitt was the diagram's creator, he later discovered this fact and began to credit her work at the bottom of his diagram.



**Diagram 2: Warrick's Allegedly Infringing Diagram**[2]

## PROCEDURAL HISTORY

During discovery, Lippitt realized she had lost her copy of the deposit materials submitted with her 1987 registration of Diagram 1A. She explains she was unable to get a replacement copy because the Library of Congress, the registrar of copyrights, had not

---

[2] Appellants' App'x 219.

retained these materials.  As a substitute, she provided a notarized letter from one of her licensees describing and attesting to the existence of her diagram.[3]

After discovery, Warrick moved for summary judgment on Lippitt's copyright infringement claim.  As pertinent to this appeal, Warrick argued:  (1) Lippitt could not prove she held a valid copyright on the diagram because she could not produce the diagram from the materials accompanying her 1987 registration to show its similarity to Warrick's diagram.  (2) Lippitt's diagram was not copyrightable; and (3) Warrick's diagram did not infringe on any protected expression in Lippitt's diagram.  After hearing arguments, the court granted Warrick's motion without issuing a written opinion.[4]

## DISCUSSION

Lippitt contends summary judgment was inappropriate.  In her view, her copyright infringement claim is viable because her diagram is entitled to copyright protection and Warrick admits to copying her duly registered diagram.  Warrick disagrees and, in what is generally a preliminary matter, contends Lippitt failed to preserve certain issues for appellate review.  As the preservation issue is easily resolved in Lippitt's favor, we reserve discussion of it until the end.

---

[3] The affiant's description of Lippitt's diagram is somewhat incorrect as a description of Diagram 1A, but it does accurately describe Diagram 2.

[4] Normally, the district court "should state on the record the reasons for granting or denying the motion."  Fed. R. Civ. P. 56(a).

- 6 -

We review summary judgments de novo.  *Colo. Dep't of Pub. Health & Env't, Haz. Mat'ls & Waste Mgmt. Div. v. United States*, 693 F.3d 1214, 1221 (10th Cir. 2012). "Summary judgment is appropriate" only if Warrick has shown "'there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law.'" *See id.* (quoting Fed. R. Civ. P. 56(a)).  In our review, we construe the evidence in the light most favorable to the non-moving party, Lippitt.  *See id.*

There are two elements to a copyright infringement claim; a plaintiff must show both ownership of a valid copyright, and copying of protectable constituent elements of the work.  *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177-78 (10th Cir. 2009); *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996); *see* 17 U.S.C. §§ 106, 501(a).  Lippitt, as plaintiff, bears the burden of proof on both elements.  *See Reno*, 555 F.3d at 1177.  A plaintiff may prove copying either with direct evidence or by showing the alleged infringer had access to the copyrighted work and "there are probative similarities between the copyrighted material and the allegedly copied material."  *Id.* at 1178; *Sheen*, 77 F.3d at 1284.

A. Eligibility for Copyright Protection

According to Warrick, Lippitt's diagram is not eligible for copyright protection because (A) it consists primarily of "ideas, concepts, principles or discoveries" that are not copyrightable or are inextricably woven with the ideas they depict (Appellee Br. 17) and (B) the other elements of the diagram lack the creativity necessary to merit copyright protection.  We disagree.

## 1. Merger of Idea and Expression

While "pictorial, graphic, and sculptural works" are generally copyrightable, the protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery. . . ." 17 U.S.C. § 102(a)(5) & (b). In short, the copyright law is not a patent law: it protects the expression of ideas rather than the underlying ideas themselves. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344-45 (1991) ("The most fundamental axiom of copyright law is that no author may copyright his ideas or the facts he narrates.") (quotations omitted). And, when a work expresses an idea in the only way it can be expressed, courts deny those expressions protection under the "merger doctrine" to avoid giving the author a monopoly over the underlying idea. *See Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 838 (10th Cir. 1993). Conversely, when an idea is capable of many different "modes of expression," the expression of the idea is eligible for copyright protection. *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1253 (3d Cir. 1983).[5]

Warrick argues Lippitt's diagram is not eligible for copyright protection because it consists only of unprotectable ideas or expression so intertwined with the underlying ideas as to lose their protection under the merger doctrine. In Warrick's view, Lippitt's

---

[5] Copyrightability is a mixed question of law and fact. *Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1370 (10th Cir. 1997). *But see Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 363 (7th Cir. 2009) ("Copyrightability is always an issue of law.") (quotations omitted).

diagram expresses a "fundamental" idea about organizational change and development. (Answer Br. 25.) It is, he says, a "statement about objective reality, not a work of fiction or the imagination." (*Id.*)

Warrick misses the point. Although Lippitt's diagram may express an idea, Warrick could express the same ideas in his own fashion. He might have organized the components in a pie-chart-style format to show how each is a component of a larger whole. He could have approached the concept in a two-column format, listing each defect in the left column and the missing component in the right column. He could have simply described the concepts in prose, as he did in his motion for summary judgment. He could have used his own words to describe the components. He might have broken down or combined the components in a different way. He could have expressed the absence of one of the components with an "X" over the component, as did another writer's sample diagram; one Lippitt attached as Exhibit 10 to her response to Warrick's summary judgment motion. (Appellant's App'x 247-52.)

The freedom Warrick enjoyed to express the ideas depicted in Lippitt's diagram in an alternative way is what distinguishes this case from the cases Warrick cites in defense of the summary judgment. For instance, in *Ho v. Taflove*, the model at issue was "a new mathematical model of how electrons behave under certain circumstances." 648 F.3d 489, 497 (7th Cir. 2011) (quotations omitted). It was intended to mirror, as realistically as possible, a natural physical phenomenon. *Id.* at 498. Thus, the form of the model was dictated by technical concerns rather than expressive choices. *See id.*

This case is more like *Arica Institute, Inc. v. Palmer,* 970 F.2d 1067 (2d Cir. 1992). There, the court concluded the idea inherent in a diagram about "ego fixations" was not merged with its expression because there were "any number of ways" to construct the diagram. *Id.* at 1076. The diagrams at issue were constructed in the form of nine-pointed stars ("enneagrams"), with labels at the points, within a circle. *Id.* at 1070-71. The court imagined several alternative ways of expressing the same idea without the nine-pointed star, such as a numbered listing with interconnecting arrows. *Id.* at 1076.

In short, because there are many ways to express the ideas depicted in Lippitt's diagram, the expression does not "merge" with the underlying ideas.

2. Eligibility of Constituent Elements for Copyright Protection

Even though Lippitt's diagram does not merge with the underlying idea, we are also asked to determine whether the constituent elements of her diagram are eligible for copyright protection. *See Reno*, 555 F.3d at 1177-78. Predictably, Warrick says the elements of Lippitt's diagram—short labels, shapes, symbols, and selection of typeface— are not eligible for copyright protection. *See Arica Inst.*, 970 F.2d at 1072-73 (noting individual words and short phrases are generally not copyrightable); *Atari Games Corp. v. Oman*, 979 F.2d 242, 247 (D.C. Cir. 1992) (noting "simple geometric shapes and coloring alone are *per se* not copyrightable") (quotations omitted); 37 C.F.R. § 202.1(a) ("familiar symbols" and "mere variations of typographic ornamentation" are not copyrightable). In essence, Warrick claims the diagram lacks the "minimal degree of creativity" necessary to qualify for copyright protection, even though "the requisite level

of creativity is extremely low." *Feist Publ'ns*, 499 U.S. at 345; *see CMM Cable Rep, Inc. v. Ocean Coast Props., Inc*., 97 F.3d 1504, 1519 (1st Cir. 1996) (listing examples of expression lacking the requisite creativity).

Warrick's view misses the forest for the trees. Any copyrightable work can be sliced into elements unworthy of copyright protection. *See CMM Cable Rep,* 97 F.3d at 1514. Books could be reduced to a collection of non-copyrightable words. Music could be distilled into a series of non-copyrightable rhythmic tones. A painting could be viewed as a composition of unprotectable colors. Warrick's impulse to unpack Lippitt's diagram into ever-smaller and less-protectable elements is understandable, as copyright jurisprudence tends toward dissection.[6]

Nevertheless, a limiting principle constrains this reductionism. We must focus on whether Lippitt has "selected, coordinated, and arranged" the elements of her diagram in an original way. *Feist Publ'ns*, 499 U.S. at 358; *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1004 (2d Cir. 1995); *see also Feist Publ'ns*, 499 U.S. at 349 ("[I]f the selection and arrangement are original, these elements of the work are eligible for copyright protection.").

---

[6] *See, e.g., Feist Publ'ns*, 499 U.S. at 361, 363 (referring to "constituent elements"); *Mitel,* 124 F.3d at 1371 (applying a reductive "abstraction-filtration-comparison" approach to examine alleged copyright infringement); *Apple Computer, Inc. v. Microsoft Corp*., 35 F.3d 1435, 1443 (9th Cir. 1994) ("[W]e use analytic dissection to determine the scope of copyright protection. . . ."); *CMM Cable Rep,* 97 F.3d at 1514 ("[W]e note that the Copyright Act itself seems to mandate the 'dissection' of works into copyrightable and uncopyrightable elements.").

We see protectable creative insight in Lippitt's arrangement and choice of expression. In Diagram 1A, she portrays the necessary components of organizational change as blocks or bricks, suggesting how they build on each other. In Diagram 1B, she uses mathematical symbols to illustrate how the essential components of organizational change must be combined to achieve successful organizational change. In both versions, she selects a particular word to crystallize the kind of failure resulting from any missing, but necessary, component. She has arranged the components from left-to-right in a particular order. And, both versions show the essential components chained together in a way suggesting they are vitally linked. These expressive choices push Lippitt's diagram into the realm of copyrightability.[7]

B. Registration and Copying

Lippitt claims to have satisfied both the statutory formality of copyright registration and her burden of producing evidence to demonstrate Warrick's infringement. In response, Warrick argues Lippitt's claim is sustainable only if she produces the original work as registered. Lippitt makes the better argument.

The parties have conflated the statutory formality of registration with the burden of proving the content of the allegedly infringed work. The two are separate issues. Copyright registration is not a prerequisite for copyright protection. 17 U.S.C. §§ 102,

---

[7] While we realize Lippitt, in her deposition testimony, opined that her rights extended even to the ideas underlying her diagram, her mistaken view does not prevent her from enforcing the rights she does hold under the copyright law.

408(a); *see La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1198 (10th Cir. 2005), *overruled on other grounds by Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S. Ct. 1237, 1243 n.2 & 1248 (2010).  Rather, registration is necessary only as a prerequisite to suing for infringement.  17 U.S.C. § 411(a); *see Clay Realtors*, 416 F.3d at 1199.

Here, Lippitt satisfied the statutory registration requirement.  She obtained a copyright in 1987 when she fixed her diagram by writing it down.  *See* 17 U.S.C. § 102(a).  As Warrick acknowledges, Lippitt has registered a variety of works containing versions of the diagram.[8]  This satisfied her duty to register the work before bringing suit. *See* 17 U.S.C. § 411(a).

The parties' arguments about the evidence of copying are perplexing because the parties seem to agree on the salient point:  Warrick copied Lippitt's diagram.  Ordinarily, Lippitt, as plaintiff, would bear the burden of presenting evidence allowing the court to

---

[8] Lippitt was unable to produce the work registered in 1987 as proof that the diagram was included in it.  But the diagram was included in other works registered in 2000 and 2003.  See *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1143 (10th Cir. 2009) ("[I]f the same party owns a copyright in both a derivative work . . . and the underlying work that is incorporated in the derivative work, registration of a copyright in the derivative work is sufficient to permit an infringement action on either the preexisting (unoriginal) material or on any newly contributed material.").  Moreover, Lippitt testified at her deposition that the diagram was first included in materials registered in 1987:  "The chart first appeared in Transition:  Accomplishing Organization Change . . . which is Exhibit 5."  (App'x 76.)  The appendix contains the 1987 certificate of registration for this work.  Warrick has presented no evidence giving any reason to doubt Lippitt's testimony about the diagram's inclusion in the work she registered in 1987.

compare the original work with the alleged infringements. *See Reno*, 555 F.3d at 1177. Here, however, Warrick admits he was given a copy of Lippitt's diagram and used it to produce Diagram 2. He even credited Lippitt for her creation of the diagram. Because this is the rare case where there is direct evidence of copying, Lippitt need not show copying indirectly by the usual method of demonstrating access and substantial similarity. *See Reno*, 555 F.3d at 1178 (observing a plaintiff may prove copying either with direct evidence of copying or by showing access and "probative similarities"); *Country Kids*, 77 F.3d at 1284 (same).

## C. Preservation of Issues

Warrick also urges us not to consider Lippitt's arguments related to Diagram 1B because, he says, Lippitt did not raise infringement of Diagram 1B in her complaint. *See, e.g., Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1261 (10th Cir. 2011) ("[A] litigant who does not argue an issue in the district court may not seek appellate relief.") (quotations omitted). But Lippitt did not need to do so; we have never required plaintiffs to plead their evidence. They are only required to provide a sufficient factual basis to show their claims are facially plausible, and, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Lippitt's complaint provides plausible factual support for her copyright infringement claim. That factual support included her assertion that the "chart," was included in "various versions of copyrighted materials." (Appellants' App'x at 16.) This

- 14 -

assertion provided a factual basis for the plausibility of an infringement claim premised on either revision of the diagram.[9]

Although Lippitt has suggested for the first time on appeal that the diagram might be copyrightable as a compilations of fact, because the diagram is copyrightable in its own right, we need not reach this issue.

The judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

_____

[9] Warrick quibbles with Lippitt's omission of certain documents from the appendix and the adequacy of the citations in her opening brief. Although Lippitt's appendix may indeed have omitted pleadings and associated materials significant to this appeal, *see Burnett v. SW Bell Tele., L.P.,* 555 F.3d 906, 907-09 (10th Cir. 2009), there appears to have been some confusion about the necessity of including these materials in light of the district court's issuance of its summary judgment without any statement of its rationale on the record. *See* Fed. R. Civ. P. 56(a). While we could have obtained these few materials from the record on appeal in the district court, *see Burnett,* 555 F.3d at 907-09, Warrick has also helpfully provided them in his supplemental appendix. Accordingly, while we remind Lippitt of her obligation to prepare an appendix in conformity with 10th Cir. R. 30.1, *see Heil v. Wells Fargo Bank, N.A.,* 298 F. App'x 703, 705 (10th Cir. 2008) (unpublished), it is appropriate to reach the merits of Lippitt's arguments. Further, because Lippitt's citations to the appendix adequately enabled us to evaluate her contentions, we find any defects in that regard to be immaterial.