**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MAC TRUONG,

    Plaintiff - Appellant,

v.

KEVIN STITT; GREG MCCORTNEY;
CHARLES MCCALL; JIM OLSEN;
DONALD TRUMP; VIRGINIA
THOMAS; SAMUEL A. ALITO; AMY
CONEY BARRETT; NEIL GORSUCH;
BRETT KAVANAUGH; CLARENCE
THOMAS,

    Defendants - Appellees.

No. 22-6144
(D.C. No. 5:22-CV-00491-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]

_____

Plaintiff-Appellant, Mac Truong, appearing pro se, appeals from the district

court's dismissal of his pro se complaint against various state and federal public

officials and others as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Our review is

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

de novo. Carter v. Wyo. Dep't of Corr., No. 22-8044, 2022 WL 7238406, at *2 (10th Cir. Oct. 13, 2022). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In his complaint, Plaintiff alleges that Okla. Stat. tit. 63, § 1-731.4 (2022) (Oklahoma Senate Bill 612 (SB 612)), which restricts abortion, violates the United States Constitution. See R. 23. He further alleges that another recent provision, Okla. Stat. tit. 63, § 1-745.39 (2022), violates his copyrighted material because it permits civil actions by private citizens against abortion providers. See id. at 23–24.

The district court found Mac Truong lacked Article III standing to challenge SB 612 as he is a male citizen residing in New Jersey who has not alleged he is subjected to the challenged statute. R. 131–32.[1] Moreover, his arguments that he does have standing because 1) he is a naturalized U.S. citizen, 2) his daughter is of child-bearing age and is concerned about anti-abortion legislation, 3) he loves to have sex without worrying about pregnancy, and 4) he invented a machine that allows people to have sex without being physically close were found unavailing by the district court. R. 132. As for the copyright claim, the district court dismissed the claim by determining that Mac Truong's idea of using community civic officers to enforce city regulations and ordinances ("the CCO Network"), is precisely that — an idea — and not subject to copyright. R. 132–33.

---

[1] Moreover, the district court held that to the extent Plaintiff challenges SB 612 in light of Roe v. Wade, 410 U.S. 113 (1973), the Supreme Court's decision in Dobbs v. Jackson Women's Health Organization, 142 S. Ct. 2228 (2022), has rendered that challenge moot. R. 132.

2

To establish Article III standing, a plaintiff must demonstrate that "(1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir. 1997). Further, the injury must be (1) "concrete and particularized," and (2) "actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). On appeal, rather than challenging the district court's rejection of his standing to challenge SB 612, Mac Truong states the Eleventh Amendment does not bar his suit as he is not suing the state of Oklahoma. Aplt. Br. at 4–5. While this court construes pro se pleadings liberally, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janner, 425 F.3d 836, 840 (10th Cir. 2015). Since Mac Truong fails entirely to address why the district court erred in denying him standing, he provides no basis for reversal. In any event, for substantially the same reason given by the district court, Mac Truong does not have standing to challenge SB 612. R. 131–32.

As for Mac Truong's copyright claim, he alleges he has a copyright interest in his idea — the CCO Network — because he has expressed it in a document and in his four-hour movie. Aplt. Br. at 6. However, copyright protection does not "extend to any idea . . . [or] concept . . . regardless of the from in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). In other

3

words, copyright law "protects the expression of ideas rather than the underlying ideas themselves." Enter. Mgmt. Ltd., Inc. v. Warrick, 717 F.3d 1112, 1117 (10th Cir. 2013). Thus, while Mac Truong could arguably allege a copyright interest in his movie, he cannot assert such interest in the mere idea of employing private citizens to enforce certain laws and regulations even if expressed in a tangible form.

AFFIRMED. We DENY Mac Truong's request to strike Defendant-Appellee Kevin Stitt's response brief. Aplt. Reply Br. at 2–3. We further DENY Mac Truong's motion to proceed in forma pauperis because he has "failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge