NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ENTERPRISE MANAGEMENT
LIMITED, INC.; Doctor MARY LIPPITT,

Plaintiffs - Appellants,

v.

CONSTRUX SOFTWARE BUILDERS,
INC.; STEVEN C. MCCONNELL,

Defendants - Appellees.

No. 24-4327

D.C. No.
2:19-cv-01458-DWC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted July 11, 2025
Seattle, Washington

Before: PAEZ and SANCHEZ, Circuit Judges, and SELNA, District Judge.[**]

Dr. Mary Lippitt and Enterprise Management Limited (collectively,

"Lippitt") brought a copyright-infringement action against Steve McConnell and

his company, Construx Software Builders, (collectively, "McConnell") for copying

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

her charts on strategic problem-solving.  The jury found non-willful copyright infringement and awarded Lippitt $8,000 in damages.  Lippitt appealed the district court's decision to (1) refuse supplemental jury instructions to cure alleged misstatements in McConnell's closing statement, (2) exclude any testimony at trial relating to a Tenth Circuit decision in *Enter. Mgmt. Ltd., Inc. v. Warrick* (*"Warrick"*), 717 F.3d 1112 (10th Cir. 2013), and (3) deny Lippitt's request for attorneys' fees.

We review the formulation of jury instructions for abuse of discretion. *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 982 (9th Cir. 2002).  We give "considerable deference" to the district court's decision to exclude evidence, reviewing for abuse of discretion.  *United States v. Cordoba*, 194 F.3d 1053, 1063 (9th Cir. 1999) (citation and quotation marks omitted); *United States v. Ramirez*, 176 F.3d 1179, 1182 (9th Cir. 1999).  We also review for abuse of discretion the district court's decision to deny attorneys' fees.  *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not err by declining to give supplemental jury instructions clarifying the parties' respective burdens for proving damages under 17 U.S.C. § 504(b).  A plaintiff in a copyright action is entitled to recover either the actual damages and the infringer's profits under Section 504(b), or statutory

damages under Section 504(c). 17 U.S.C. § 504(a). Since Lippitt elected to recover statutory damages, any instructions clarifying the burden-shifting framework in Section 504(b) was unnecessary.

2. The district court properly excluded any references to *Warrick* by conducting the requisite Rule 403 balancing test. Lippitt first sought to use the case to corroborate that there was a publicly available means of confirming her authorship. The district court weighed the probative value of the *Warrick* decision and determined that the distinct procedural and substantive posture of *Warrick* would create a "real risk under the rules of evidence about confusion." The *Warrick* opinion concerned a motion for summary judgment, *Warrick*, 717 F.3d at 1116, and the parties settled after the appeal. Unlike this case where the registration and copyright infringement of the Managing Chart were key issues, the defendant in *Warrick* acknowledged that Lippitt had registered her chart and he had copied her diagrams. *Compare Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1059 (9th Cir. 2023), *with Warrick*, 717 F.3d at 1120. Lippitt later proffered to use *Warrick* to show that McConnell had read the *Warrick* decision and thereby knowingly infringed on her charts. The district court again determined that allowing even a piece of the *Warrick* opinion would necessarily require the parties to explain the facts and the issues in *Warrick*, which is "a completely different case than this case . . . ."

Because "the record as a whole" reflects that the district court adequately weighed the probative value and prejudicial effect of the evidence, there was no abuse of discretion. *United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir. 1978) (finding that, in such a situation, it is unnecessary for courts to engage in a "mechanical recitation" of Rule 403's formula).

3.     An award of attorneys' fees to the prevailing party is a matter of discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533–34 (1994) (holding that the plain language of 17 U.S.C. § 505 supports district courts' discretion in awarding fees). The district court articulated all the factors in declining to award attorneys' fees: the degree of success obtained, whether the claims were frivolous or objectively unreasonable, the need for deterrence and compensation, the chilling effect of attorneys' fees, and whether awarding fees would further the purposes of the Copyright Act. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017) (articulating factors to guide a district court's exercise of discretion); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (same). Though the district court could have weighed Lippitt's success differently under the circumstances, there was no abuse of discretion or error of law in denying an award of fees to Lippitt.

**AFFIRMED.**